TAGGED OPINION



ORDERED in the Southern District of Florida on March 23, 2020.

_____

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al*.,[1] | Case No. 18-19121-RAM |
| | Jointly Administered |
| Debtors. | |
| _____/ | |
| SARAH FOSTER, individually and on behalf of all others similarly situated, | Adv. Pro. No. 18-1438-RAM |
| Plaintiff, | |
| v. | |
| CARL RUDERMAN, KOPELOWITZ OSTROW P.A., and DALE LEDBETTER, | |
| Defendants. | |
| _____/ | |

### ORDER GRANTING PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION [ECF 92]

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Boulevard, Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Boulevard., Suite 409, Hallandale Beach, FL 33009 (1711).

This cause came before the Court upon the *Plaintiff's Motion for Class Certification* [ECF 92] (the "Motion").[2] On February 26, 2020, this Court conducted a preliminary hearing on the Motion, where it preliminarily concluded that Plaintiff had satisfied all of the relevant factors for class certification under Federal Rule of Civil Procedure 23. At that time, Defendant Carl Ruderman ("Ruderman") had not filed a response to the Motion due to his pending motion to stay. At the conclusion of the February 26th hearing, the Court entered an order denying the motion to stay [Adv. Pro. ECF No. 111] and entered an order providing Ruderman with an extension of time to respond to the Motion until March 12, 2020 [ECF No. 112]. The Court also entered an order setting further hearing on Plaintiff's motion for class certification [ECF No. 113], which stated that "[i]f no timely response is filed, the Plaintiff shall file a Notice of No Response and upload an order granting the Motion and cancelling the March 17, 2020 hearing." On March 13, 2020, Plaintiff filed a Notice of No Response given that Ruderman had not filed a timely response to the Motion and uploaded a form of proposed order granting the Motion. On March 17, 2020 at 2:00 p.m., the Court conducted a further hearing with the parties related to this Motion and was advised that Ruderman does not object to the entry of this Order but desired two modifications to the form of this Order. The Court overrules the first objection which relates to a reference to a decision issued by the District Court in *Sec. & Exch. Comm'n v. 1 Global Capital LLC*, No. 0:18-cv-61991-BB, 2019 WL 1670799, at *4–*9 (S.D. Fla. Feb. 28, 2019). Ruderman's second objection has been resolved by inclusion of additional language, as discussed on the record and incorporated in this Order.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Agreed Motion.

2

In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court has considered the Motion and Reply filed by the Plaintiff and the argument of counsel at the February 26th hearing.

## BACKGROUND

This is an adversary proceeding pending in the above-captioned bankruptcy case, that was originally filed in state court and transferred by Defendants to this Court.  Plaintiff is an individual investor to whom 1 Global and Ruderman from Florida offered and sold a 1 Global "Memorandum of Indebtedness" ("MOI"). Plaintiff alleges that the MOI constitutes a "security" offered sold without registration in violation of, among other things, the federal Securities Act of 1933 ("the 1933 Act").  In a related enforcement action instituted by the Securities and Exchange Commission ("S.E.C."), the district court for the Southern District of Florida already concluded that 1 Global's MOIs constitute "securities" under the federal securities laws. *See Sec. & Exch. Comm'n v. 1 Global Capital LLC*, No. 0:18-cv-61991-BB, 2019 WL 1670799, at *4–*9 (S.D. Fla. Feb. 28, 2019).  This Court, as well as Judge William Thomas of the Complex Division of Miami-Dade County's Eleventh Judicial Circuit, have already approved various settlements and class action settlements against other Defendants resulting from 1 Global events.

Plaintiff here seeks to represent a class of similarly situated investors who purchased MOIs from 1 Global and seek relief from Defendant Ruderman. If offer and sale of the MOI was unlawful as to Plaintiff under the 1933 Act, it was similarly unlawful as to all other purchasers of the same MOIs. And if Ruderman is liable to Plaintiff as a "controlling person" under the 1933 Act, he is similarly liable as a controlling person to all other MOI purchasers as well. Accordingly, Ruderman's alleged liability to Plaintiff and to thousands of other investors for 1 Global's sale of unregistered securities in violation of federal law is the predominant common issue in this litigation, which can be fairly and efficiently adjudicated through one class wide proceeding. The

same is true of Plaintiff's alternative claim alleged under Florida's state blue sky law, the Florida Securities Investor Protection Act ("the FSIPA").

The Court incorporates by reference the factual background and exhibits included in the Motion. Adv. Pro. ECF No. 92 at 3–8; Adv. Pro. ECF Nos. 92-1–92-17.

## DISCUSSION

Federal Rules of Civil Procedure 23 applies in adversary proceedings. *See* Fed. R. Bankr. P. 7023. Parties seeking class action certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality and adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Parties moving for class certification bear the burden of establishing each element of Rule 23(a). *London v. Wal–Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003). If the party seeking class certification fails to demonstrate any single requirement, then the case may not continue as a class action. *Jones v. Roy*, 202 F.R.D. 658, 662 (M.D. Ala .2001). Specifically, the four requirements of Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to meeting the four requirements of Rule 23(a), parties seeking class certification must prove that the action is maintainable under one of the three subsections of Rule 23(b). *Amchem Prods*., 521 U.S. at 614, 117 S.Ct. 2231. Here, Plaintiff puts forth that class certification is appropriate pursuant Rule 23(b)(3). Class certification under Rule 23(b)(3) is appropriate when (1) "questions of law or fact common to the members of the class predominate

4

over any questions affecting only individual members," and when (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In deciding whether to certify a class, a court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). Although a court is not to determine the merits of a case at the certification stage, sometimes "'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). However, doubts are to be resolved in favor of certifying the class. *Singer v. AT & T Corp.*, 185 F.R.D. 681, 685 (S.D. Fla. 1998).

Additionally, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citation omitted). Although courts may inquire into the substance of a case to apply the Rule 23 factors, merits questions may only be considered to the extent "'they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'" *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 511 (S.D. Fla. 2013) (citing *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455 (2013)).

Furthermore, in determining whether the proposed Class meets the Rule 23 factors, the Court has relied on prior orders in which courts have certified similar classes based on the same claims as those asserted against Mr. Ruderman. See, e.g., *Wright et al. v. Pinnacle Plus Capital LLC et al.*, No. 2019-018039-CA-01 (Fla. 11th Jud. Cir. Dec. 20, 2019) [ECF No. 92-1] (certifying classes in the *Pinnacle Plus* action); *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-01183-HDM-VCF,

5

2016 WL 1091090 (D. Nev. March 21, 2016) (certifying claim pursuant to 15 U.S.C. § 77l(a)(1) against defendants, including company's CEO, for the sale of unregistered securities); *Cifuentes v. Regions Bank*, No. 11 CV 23455 FAM, 2014 WL 1153772, at *6 (S.D. Fla. March 20, 2014) (certifying class in lawsuit bringing single claim against bank for the unlawful sale of securities in violation of section 517.211(1), Florida Statutes).

Where, as here, a defendant fails to respond to a motion for class certification, the Court should proceed to certify the class based on the motion and record presented. *See, e.g., Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694 (S.D. Fla. 2018) (concluding, in case where defendant did not file a response in opposition to plaintiff's motion for class certification, that class should be certified based on plaintiff's satisfaction of its burden of proof under Rule 23). Based on the unrebutted record before this Court, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for each Class Member.

Plaintiff satisfies each of the Rule 23(a) prerequisites for class certification because the Class is sufficiently numerous, there are questions of law and fact common to all Class members, Plaintiff's claim is typical of the claims of other Class members, and Plaintiff is an adequate Class representative.  The policies underlying the class action rule dictate that Rule 1.220(a) should be liberally construed. *See Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996).

First, the number of Class Members is so numerous that joinder of all members thereof is impracticable. Here, the number of Class members is in the thousands, as over 3,400 people have purchased 1s Global's unregistered MOIs, and this Settlement involves *all* purchasers of 1 Global's MOIs.

Second, there are questions of law and fact common to the Class. Plaintiff's claims here depend on the common contention that Ruderman, as the control person selling 1 Global's securities, offered and sold unregistered securities in violation of federal and state securities laws.

The Motion includes voluminous evidence establishing these facts, which Ruderman has failed to controvert. *See Winston v. Jefferson Cnty., Ala*., No. 2:05-cv-0497-RDP, 2006 WL 6916381, at *1 n.1 (N.D. Ala. June 26, 2006) (noting, in order certifying class, that where allegations in complaint were incorporated into motion for class certification and not contested by defendant, district court could rely on such facts "for the limited purpose of providing background information related to the court's analysis of Plaintiffs' contentions"). While only one question of law *or* fact is required to establish commonality, several common questions capable of class-wide resolution—or that would "generate common answers"—arise from Plaintiff's allegations, including:

> (A) whether the MOIs constitute a security under the 1933 Securities Act;
>
> (B) whether the MOIs constitute a security under the FSIPA;
>
> (C) whether the MOIs were registered as required by the 1933 Securities Act;
>
> (D) whether the MOIs were registered as required by the FSIPA;
>
> (E) whether Ruderman is a "controlling person" liable for the offer and sale of unregistered securities under the 1933 Securities Act;
>
> (F) whether Plaintiff and Class members are entitled to recessionary relief, damages or other forms of relief available under the 1933 Securities Act and the FSIPA; and
>
> (G) whether Plaintiff and Class members are entitled to other equitable relief.

These common questions are capable of class-wide resolution. *See Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 110 (Fla. 2011) (noting that the primary concern in considering the commonality of claims is "whether the representative's claim arises from the *same practice or course of conduct* that gave rise to the remaining claims and whether the claims are based on the same legal theory.")

Third, the claims of the Class Representatives are typical of the claims of the Class they seek to represent. Plaintiff's claims arise from the same alleged course of conduct and are based on the same legal theories as those brought on behalf of the proposed Class. Indeed, all Class

members were injured in the exact same way: by being sold an unregistered security. Because Plaintiff's claims are based on alleged injuries caused by conduct affecting the class as a whole, her claims easily satisfy the typicality requirement. *See Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Inc.*, 694 So. 2d 852, 854 (Fla. Dist. Ct. App. 1997); *Union American Ins. Co. v. Rodriguez*, 696 So. 2d 1248, 1249 (Fla. Dist. Ct. App. 1997) (affirming class certification: "Here, all plaintiffs are claiming financial damages due to Union's practice of canceling policies on a date later than that initially stated to insured individuals, resulting in extra premiums due.").

Fourth, the Class Representative has and will continue to fairly and adequately represent the interests of the Class. Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is satisfied where (i) counsel for the class is qualified and competent to vigorously prosecute the action, and (ii) the interests of the proposed class representatives are not antagonistic to the interests of the Class. *See, e.g.*, *Fresco v. Auto Data Direct, Inc.,* No. 03-61063-CIV, 2007 WL 2330895, at *2 (S.D. Fla. May 14, 2007). "Adequate representation is presumed in the absence of contrary evidence." *Assoc. for Disabled Ams., Inc. v. Amoco Oil Co*., 211 F.R.D. 457, 464 (S.D. Fla. 2002).

The attorneys who seek to represent the Class in this case are highly qualified to serve as class counsel and have served as lead and co-lead counsel in some of the largest class actions in the country. There are four law firms representing Plaintiff in this action:  The Moskowitz Law Firm, Bonnett, Fairbourn, Friedman, & Balint, PC, Meland Russin & Budwick, P.A., and Sonn Law Group (collectively, "Plaintiff's Counsel"). Plaintiff's Counsel have successfully prosecuted consumer class actions and their law firms are well respected in the communities that they serve. Furthermore, Plaintiff's Counsel have undertaken voluminous efforts to prosecute this and numerous related actions on behalf of 1 Global investors. In addition, Plaintiff Foster in this action also does not have interests that are antagonistic to those held by the rest of the Class. There has been no evidence that would in any way show that Plaintiff does not have the same interests as the

other Class members, or is in any way antagonistic to the Class. Indeed, a court has already concluded that Plaintiff is an adequate class representative of 1 Global investors. *See* Adv. Pro. ECF No. 92-1. Thus, Plaintiff satisfies the adequacy requirement of Rule 23(a)(4).

In addition to meeting the four requirements of Rule 1.220(a), Plaintiff also satisfies Rule 23(b)(3). Under Rule 23(b)(3), certification is appropriate if: (i) common questions of law or fact predominate over questions affecting the individual Class members only; and (ii) class treatment is superior to other methods available for adjudicating the controversy. *See Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016). Rule 23(b)(3) encompasses those cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (citation omitted).

The questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member. Common issues predominate with respect to the two causes of action Plaintiff seeks to certify. Both the 1933 Securities Act [15 U.S.C. § 77l(1)(a)] and the FSIPA [Section 517.211] impose liability for the offer or sale of an unregistered security. Thus, "irrespective of the individual issues which may arise, the focus of the litigation concerns the alleged common course of unfair conduct embodied in [Ruderman's] scheme" to market and sell unregistered securities. *See Larsen v. Union Bank, N.A. (In re Checking Account Overdraft Litig., MDL No. 2036)*, 275 F.R.D. 666, 676 (S.D. Fla. 2011) (internal quotations omitted). Plaintiff alleges that Ruderman's participation in this scheme will be substantiated by common evidence which shows that he controlled 1 Global, directed its marketing and sales efforts, and spearheaded the effort to sell MOIs without registering them with the SEC despite knowing that they were securities which were required to be registered. This evidence would remain the same regardless of class size or composition. Further, the MOIs are materially identical and they are all securities based on the *Howey* test, as the district court concluded in the *SEC* Action. *See Sec. &*

*Exch. Comm'n, 2019* WL 1670799, at \*4–\*9. The Court concludes that "[w]hether the defendants offered or sold unregistered . . . securities . . . can be proven on a classwide basis. Accordingly, the predominance requirement is met with respect to this claim." *Takiguchi,* 2016 WL 1091090, at \*9.

Finally, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. There are thousands of potential Class members whose claims are based on an alleged common course of conduct, rendering the litigation more manageable as a class action than as thousands of individual suits. *See Sosa*, 73 So. 3d at 116 ("because of the large number of potential Class members who based their claims on the same common course of conduct by [defendant], a class action would be a more manageable and more efficient use of judicial resources than individual claims."). Even if the Class members were able individually to prosecute their claims, "[s]eparate actions by each of the Class members would be repetitive, wasteful, and an extraordinary burden on the courts." *Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983). *See also* Adv. Pro. ECF No. 92-2, ¶ 4; *Takiguchi*, 2016 WL 1091090, at \*12 ("The court is not persuaded that dozens or hundreds or even thousands of individual actions . . ., which would occur if class certification is denied, would be a fairer or more efficient method of resolving this controversy—to the plaintiffs, to the court, or to the [defendants]. The burdens it would place on plaintiffs to individually litigate their claims outweigh any interest in individually controlling the litigation . . . . the court concludes that a class action is the superior method for handling this dispute").

Accordingly, it is **ORDERED AND ADJUDGED AS FOLLOWS:**

1.　　　Plaintiff's Motion for Class Certification [ECF No. 92] is **GRANTED**.

2.　　　Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the following Class:

All persons who invested in a 1 Global Memorandum of Indebtedness within the

Class Period, whether by initial investment or by reinvestment.

(collectively, "the Class"). Excluded from the Class is Ruderman and 1 Global, any of their

affiliates and controlled entities, any trust in which they are either a settler or a beneficiary, and

any members of their family, as well as any members of the judiciary to whom this case is

assigned, their respective court staff, and the parties' counsel in the litigation. The Class Period

is one year from the date of filing of the initial Complaint for claims asserted under the 1933

Securities Act and two years from the date of filing of the initial Complaint for claims asserted

under the FSIPA.

3.      Sarah Foster is hereby certified as Class representative.

4.      The Moskowitz Law Firm is hereby certified as Class counsel.

5.      Plaintiff shall file a proposed notice for approval by the Court within 90 days of the

date of this order. Ruderman shall have ten days from that date to file objections to Plaintiff's

proposed notice.

###

**Submitted by:**
Michael S. Budwick, Esq.
Florida Bar No. 938777
mbudwick@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Plaintiff*
200 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

**Copies Furnished To:**
Attorney Michael S. Budwick is directed to serve copies of this Order on all parties in interest
and to file a Certificate of Service.